**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

EVODIO FELIPE BIBIANO,

        Petitioner,

    v.

JOHN MATTOS *et al.*,

        Respondents.

Case No. 2:26-cv-00927-RFB-BNW

**ORDER TO SHOW CAUSE**

Petitioner Evodio Felipe Bibiano, an immigration detainee, has filed a Notice of Petitioner's Class Membership (ECF No. 6) ("Notice"), a counseled Amended Petition for a Writ of Habeas Corpus (ECF No. 8) ("Petition") and an (ECF No. 7) Application to Proceed *in forma pauperis* ("IFP Application").

Based on Petitioner's financial circumstances, the Court finds that he should not be required to pay the filing fee in this matter. See 28 U.S.C. § 1915 (enabling petitioners in civil detention to seek leave to proceed *in forma pauperis*). Therefore, **IT IS HEREBY ORDERED** Petitioner's (ECF No. 7) IFP Application is **GRANTED**.

Petitioner challenges the lawfulness of his ongoing detention at Nevada Southern Detention Center in the custody of Immigration and Customs Enforcement ("ICE"). The Court has reviewed the Notice and Petition and preliminarily finds Petitioner can likely demonstrate that he is a member of the certified class ("Class Member") in Jacobo-Ramirez v. Noem[1], --- F.Supp.3d ---, 2026 WL 310090 (D. Nev. Feb. 5, 2026) and therefore entitled to relief pursuant to the Court's class-wide grant of partial summary judgment. See Jacobo-Ramirez v. Mullin, No. 2:25-cv-02136-

_____

[1] Kristi Noem has since been substituted for Respondent Markwayne Mullin, the current Secretary of the Department of Homeland Security, pursuant to the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 25(d).

RFB-MDC, 2026 WL 879799, at \*33–34 (D. Nev. Mar. 30, 2026).  Based on the grounds for relief asserted in the Petition, the Court further finds Petitioner can likely demonstrate he is entitled to the same relief this Court granted in <u>Melendez Paz v. Mullin</u>, No. 2:26-CV-00296-RFB-MDC, 2026 WL 1194944 (D. Nev. May 1, 2026)

Therefore, Respondents are **ORDERED TO SHOW CAUSE** why Petitioner is **NOT** a Class Member **AND** why the Writ should not be granted. <u>See</u> 28 U.S.C. § 2243. Respondents shall file, in writing, a **(i) notice of appearance** and **(ii) "a return certifying the true cause of detention"** on or before **May 11, 2026**. <u>See</u> <u>id.</u> Petitioner shall file a traverse on or before **May 14, 2026**.

Unless Respondents contend Petitioner is not a Class Member, Respondents should not reargue their statutory interpretation under 8 U.S.C. § 1225(b)(2)(A). That statutory issue has been fully litigated by Federal Respondents and resolved by the Court's Partial Summary Judgment, which has not been stayed or vacated. Respondents may therefore preserve their appellate rights regarding § 1225(b)(2)(A) by reference to their previous briefing in <u>Jacobo-Ramirez v. Mullin</u>, No. 25-cv-02136-RFB-MDC (D. Nev.). If Federal Respondents contend there are other legal bases for Petitioners' ongoing detention, or other reasons why the relief requested in the Petition should not be granted to Petitioner, **Federal Respondents must so indicate in their Return.**

**IT IS FURTHER ORDERED** the Parties shall indicate in their briefing whether they request oral argument or an evidentiary hearing on the Petition. The Court is amenable to ruling on the papers if the Parties indicate that they are willing to waive a hearing. Unless Respondents contend Petitioner is not a Class Member, Respondents should not reargue their *statutory* interpretation under 8 U.S.C. § 1225(b)(2)(A). That statutory issue has been fully litigated by Federal Respondents and resolved by the Court's Partial Summary Judgment, which has not been stayed or vacated.  Respondents may therefore preserve their appellate rights by reference to their previous briefing in <u>Jacobo-Ramirez v. Mullin</u>, No. 25-cv-02136-RFB-MDC (D. Nev.).

Additionally, the Court finds Petitioner presents a *prima facie* case for relief and that ordering Respondents to produce documents reflecting the basis for their detention of Petitioner is necessary for the Court to "dispose of the matter as law and justice require." <u>See</u> *Harris v. Nelson*,

394 U.S. 286, 290 (1969) (holding that "a district court, confronted by a petition for habeas corpus which establishes a *prima facie* case for relief, may use or authorize the use of suitable discovery procedures . . . reasonably fashioned to elicit facts necessary to help the court to 'dispose of the matter as law and justice require'") (citing 28 U.S.C. § 2243); cf. also Rule 6(b), Rules Governing Section 2254 Cases in the United States District Courts (empowering a court to authorize discovery in habeas corpus proceedings for "good cause"); id. at Rule 1(b) (enabling a court to apply these rules to petitions brought under 8 U.S.C. § 2241).

**IT IS THEREFORE ORDERED** Federal Respondents must file any of the following documents relevant to the lawfulness of Petitioner's detention that are in their possession, custody, or control, with their Return: (1) I-220A Order of Release on Recognizance; (2) I-200 Warrant for Arrest of Alien; (3) Form I-286 Initial Custody Determination; (4) Form I-862 Notice to Appear; (5) Form I-213 Record of Deportable or Inadmissible Alien; (5) any immigration court orders and/or memorandum opinions in custody redetermination proceedings; (6) transcripts and/or audio recordings of any custody redetermination proceedings. If Federal Respondents do not file these records, the Court will infer that the records do not exist, **unless Federal Respondents indicate otherwise.**

**IT IS FURTHER ORDERED** that the parties must refrain from including—or must partially redact, where inclusion is necessary—personal-data identifiers from all documents filed with the court, unless the court orders otherwise. See Local Rule IC 6-1; Federal Rule of Civil Procedure 5.2.

**IT IS FURTHER ORDERED** Local Rules 7-2, 7-3, and 7-4 will govern the requirements and scheduling of all other motions filed by either party.

**IT IS FURTHER ORDERED** the Parties shall file all documents and exhibits in accordance with Local Rules LR IA 10-1 through 10-5.

**IT IS FURTHER ORDERED** the Parties must meet and confer regarding any requests for an extension of deadlines and stipulate to the extension if possible. Any motion for extension must certify efforts taken to meet and confer and indicate the opposing party's position regarding the extension. Any motion or stipulation must comply with Federal Rule of Civil Procedure 6(b)

and Local Rules IA 6-1, 6-2.

To preserve this Court's jurisdiction over the pending § 2241 Petition, **IT IS FURTHER ORDERED** that Respondents shall not remove or transfer Petitioner from this judicial district without leave of this Court. This Court has "express authority under the All Writs Act to issue such temporary injunctions as may be necessary to protect its own jurisdiction." See 28 U.S.C. § 1651(a) (establishing the All Writs Act which empowers federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions"); F.T.C. v. Dean Foods Co., 384 U.S. 597, 601 (1966) (emphasizing that federal courts have the power "to preserve the court's jurisdiction or maintain the *status quo* by injunction pending review of an agency's action"); see also Al Otro Lado v. Wolf, 952 F.3d 999, 1007 n.6 (9th Cir. 2020) ("Having concluded that [agency action] would interfere with the court's jurisdiction . . . , the district court properly issued an injunction under the All Writs Act.") (citing 28 U.S.C. § 1651(a)). The Court finds Petitioner's removal from the United States District of Nevada, or more broadly, the United States, could interfere with the Court's jurisdiction and with the Court's ability to expeditiously resolve the Petition and provide relief as law and justice require. The Court thus finds this Order is warranted to maintain the *status quo* pending this Court's adjudication of the Petition.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly instructed to **UPDATE** the case caption and docket to reflect the parties named in the (ECF No. 8) First Amended Petition for Writ of Habeas Corpus.

**DATED:** May 7, 2026.

 

_____

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**

- 4 -